```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NOS. 2:19-00064-01
                                                    2:89-00262-01

STALIN SIMON

### MEMORANDUM OPINION AND ORDER

Pending before the court was defendant's motion for release from detention pending sentencing. (ECF No. 7). At defendant's plea hearing, held on March 26, 2019, the court **DENIED** that motion. The reasons for that decision follow.

Rule 46(c) of the Federal Rules of Criminal Procedure provides that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Pursuant to 18 U.S.C. § 3143(b), the court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the

person; **and** (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." (Emphasis added). Clearly, defendant is not entitled to release under § 3143(b).

18 U.S.C. § 3145(c) allows for the release of a defendant "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Defendant argued that his mother's medical condition and prognosis, as well as his stepson's scheduled surgery, constitute exceptional circumstances which would authorize his release pending sentencing. Although the court is sympathetic to defendant's family situation as outlined in his motion, that situation is not an exceptional reason that would justify his release. See, e.g., United States v. Burnett, 76 F. Supp. 2d 846, 849-50 (E.D. Tenn. 1999) (holding that defendant's role as primary caregiver for her 77-year-old mother and 53-year-old brother with health problems was not exceptional reason making detention inappropriate under § 3145(c)). Accordingly, defendant's motion was **DENIED** without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

IT IS SO ORDERED this 16th day of April, 2019.

    ENTER:

    *David A. Faber*
    David A. Faber
    Senior United States District Judge